NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1483

LENNA GESSEN

vs.

PRISCILLA CHIGARIRO & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Lenna Gessen (grandmother), appeals from a judgment of a Probate and Family Court judge modifying an earlier judgment that granted her visitation with her two grandchildren.  We vacate the modification judgment and remand for further proceedings.

On September 12, 2022, the grandmother filed a "petition for grandparent(s) visitation" against the defendants, Priscilla Chigariro (mother) and Allen Gessen (father).  Both parents filed answers.  The father's answer included an affidavit indicating that he was incarcerated in another jurisdiction and desired that the grandmother "simply 'step into my shoes'" so

_____

[1] Allen Gessen.

that the children would have "the full benefit and the love of their paternal family." Thereafter, a judgment entered on March 2, 2023, approving a stipulation of the parties, incorporating the stipulation, and granting visitation to the grandmother.

On March 29, 2024, the grandmother filed a complaint for modification. The caption of the complaint names the mother but not the father as defendants, and the docket entries only reflect a summons naming the mother. The mother filed an answer and a counterclaim. The answer and counterclaim do not name the father as a party, and the docket entries do not reflect a summons naming the father. Following a trial, where only the mother and the grandmother appeared, a judgment entered on August 19, 2025, granting the mother "sole discretion" as to visitation. There is nothing in the docket entries or the trial transcript explaining why the father was not named as a party in the modification proceedings or heard at trial.

Some light has now been shed on this mystery by the father who, acting pro se and still incarcerated, filed an appellate brief. He generally argues in support of the grandmother and contends that he "received no notice of the trial date from the [t]rial [c]ourt and was denied any opportunity to participate, offer evidence or to testify." His claim about lack of notice is consistent with the record before us.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  "It is one of the basic principles of due process that an adjudication may not enter without the parties each being given notice and an opportunity to be heard."  Wilkins v. Cooper, 72 Mass. App. Ct. 271, 276-277 (2008).  Because the father contends that he did not have notice and an opportunity to be heard at the modification trial and because the record does not reflect notice to the father, we vacate the August 19, 2025, modification judgment and remand this matter to the Probate and Family Court for further proceedings consistent with this memorandum and order.  On remand, if the judge determines that the father was provided with notice of the modification trial and an opportunity to be heard, the judgment may be reentered with additional findings to that effect.  Otherwise, the judge shall hold further proceedings as necessary to give all the

parties a chance to be heard on the underlying complaint for modification.

So ordered.

By the Court (Desmond, Hand & Hodgens, JJ.[2]),

*Paul Little*

Clerk

Entered:   June 24, 2026.

---

[2] The panelists are listed in order of seniority.